219790v9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

POLISH ARMY VETERANS OF AMERICA, INC.,
POLISH ARMY VETERANS OF AMERICA DISTRICT
NO. 2, INC., DOM, INC. a/k/a THE POLISH NATIONAL
HOME and TEOFIL LACHOWIZ,

       Plaintiffs,

- against -

MAREK STASIEWICZ,

       Defendant.

------------------------------------------------------------------X

**COMPLAINT**

Civil Action No.

JURY TRIAL
DEMANDED

  Plaintiffs Polish Army Veterans of America, Inc. ("PAVA"), Polish Army Veterans of America District No. 2, Inc. ("District 2"), DOM, Inc. ("DOM") and Teofil Lachowiz ("Lachowiz"; collectively, "Defendants"), by and through their attorneys, Reisman Peirez Reisman & Capobianco LLP, as and for their Complaint against Defendant Marek Stasiewicz ("Defendant"), respectfully alleges, as follows:

## THE PARTIES

  1.  PAVA is a New York not-for-profit corporation located in New York City. It is a long-standing national organization, formed in 1921, with regional districts across the United States. Each of these regional districts has chapters, known as "Posts."

- 1 -

2. District 2 is the largest of PAVA's regional districts, formed in 1948. It is also a New York not-for-profit membership organization located in New York City with Posts in the states of New York, New Jersey and Connecticut.

3. DOM (a/k/a, "The Polish National Home") is a privately owned New York business corporation located in Brooklyn, New York, and is long-standing, having been formed in 1919.

4. Lachowiz is a New York State resident residing in the county of Queens.

5. Defendant is a resident of the state of Massachusetts. He was a Vice-Commander of a PAVA Post located in Massachusetts. In March 2019, he was expelled from PAVA.

6. Prior to his expulsion, Defendant frequently traveled to New York, from time to time, to attend and participate in events and meetings for PAVA business, including PAVA events and meetings held in its New York City office or within the New York metro area.

7. Anton Chroscielewski ("Chroscielewski"), a New York State resident residing in the county of Queens, is referred to herein although he is not a party to this action. However, as will be demonstrated herein, Chroscielewski was also libeled by Defendant, but given his age and physical infirmities, he is unable to join this action as a plaintiff. Chroscielewski has served as the president and chairman of DOM, is a long-time member and executive officer of PAVA and District 2 and has been active in and a

leader of the Polish American community ("Polonia") for years, including given the honor of being the Grand Marshal of the Annual Pulaski Day parade in 2005.

8. PAVA and DOM are the most prominent Polish American organizations in the United States, and District 2 is PAVA's largest and most visible District.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a)(1), because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. This Court has personal jurisdiction over Defendant, pursuant to New York's CPLR § 302(a)(1), because he has transacted business in New York through his PAVA activities, often traveling to New York to engage in PAVA meetings, business and events and through phone calls and emails related to PAVA, including participating remotely in PAVA meetings. Plaintiffs' causes of action arise from that in-state activity.

11. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, because a substantial part of the events giving rise to Plaintiffs' claims occurred within the Eastern District of New York, as one of the Plaintiffs resides in Queens County while another has its principal place of business in Kings County.

## FACTUAL ALLEGATIONS

12. In March of 2019, Defendant was expelled from PAVA.

13. On July 11, 2019, following his expulsion, Defendant emailed a letter written in Polish to numerous individuals involved in PAVA, District 2 and DOM (the "First Letter," a copy and translation of which is annexed hereto as Exhibit A), in which, *inter alia*, Defendant made several false and clearly derogatory characterizations of Plaintiffs as "a mafia," "the mafia family," "this mafia group," "thieves," using "mafia methods" and lacking "honor, ambition and loyalty."

14. Further, Defendant falsely accused Plaintiffs of perpetrating "financial scams," including an "illegal sale" of a building, and insinuated that Plaintiffs misappropriated the three million dollars ($3,000,000) from said sale. In addition, he claimed Lachowicz was a communist political officer who seeks "to destroy Polonia," like PAVA and DOM, "from the inside (the Fifth Column)." All these statements are false and derogatory.

15. Subsequently, on December 12, 2019, Defendant emailed a second letter, also in Polish, to numerous individuals involved in PAVA, District 2 and DOM (the "Second Letter," a copy and translation of which is annexed hereto as Exhibit B). In his introductory paragraph Defendant stated, "[s]o I suppose that PAVA organization is governed by a potential mafia." Defendant further, *inter alia*, made accusations concerning "financial scams" and alleged "[m]anipulation of discussion regarding dismissals of former PAVA members, no appeal of the punished members was read, and filling of vacancies in the Executive Committee of PAVA without voting."

16. On January 17, 2020, Defendant emailed a third letter written in Polish to numerous individuals involved in PAVA, District 2 and DOM (the "Third Letter," a copy and translation of which is annexed hereto as Exhibit C). The Third Letter contained allegations that Chroscielewski is, *inter alia*, "a mafioso" and that Plaintiffs exemplify "how mafia acts." Defendant further alleged that Chroscielewski had "one goal, power and money" and "found a new source of income, PAVA" and "managed everything that was possible" from DOM.

17. That same day, on January 17, 2020, and in the same email, Defendant sent the confidential minutes of an informal meeting of PAVA's National Executive Board (the "Exec. Bd."), which was held on December 11, 2019 (the "January 18, 2019 email," annexed hereto, with a copy of the attached minutes and a translation thereof, as Exhibit D), to numerous individuals who were not members of the Exec. Bd. or privy to its proceedings. In doing so, Defendant knowingly violated the rules of the Exec. Bd. and the PAVA Constitution and By-Laws by the improper and unauthorized disclosure of its contents.

18. Finally, on March 2, 2020, Defendant emailed a fourth letter in Polish to numerous individuals involved in PAVA, District 2 and DOM (the "Fourth Letter," a copy and translation of which is annexed hereto as Exhibit E, and together with the First Letter, Second Letter and Third Letter, the "Letters"). Defendant's accusations included, *inter alia*, that Lachowicz "manipulated" members of PAVA, "conceal[ed]"

material information and unfairly removed members from PAVA. Notably, Defendant referred to Plaintiffs' conduct as those seen in "communist times."

19. The allegations contained in the Letters, sent to numerous individuals many of whom reside in New York (*see* Exhibit F, annexed hereto, which is an accurate list of the seventy-four email recipients of the Letters), are wholly false, malicious, defamatory and constitute libel *per se*. Indeed, they attack the integrity of PAVA's, DOM's and District 2's officers, membership and activities, as they, *inter alia*, imply that Plaintiffs acted corruptly and manipulatively, misappropriated funds and conspired secretly to undermine Polish Americans.

20. On March 10, 2020, Plaintiffs, through their attorneys, sent Defendant a cease and desist letter (the "Cease and Desist Letter," annexed hereto as Exhibit G). The Cease and Desist Letter demanded Defendant (a) cease and desist from further such misconduct found in his defamatory Letters and from holding himself out as a member of PAVA; (b) disclose the source from which he or his spouse received the confidential minutes from the informal December 11, 2019 Exec. Bd. meeting; (c) issue PAVA an apology of the false statements and accusations contained in the Letters in the form of a written letter acceptable to Plaintiffs; and (d) agree and authorize the publication of the apology and retraction to be sent to all of the individuals who received the defamatory Letters, as well as to be published in "Nowy Dzienik," "Kurier Plus" and "The White Eagle."

21. Defendant refused to comply with the Cease and Desist Letter. Instead, in a letter dated June 5, 2020 (the "Response," annexed hereto as Exhibit H), Plaintiff stated, *inter alia*, that he had "no intention of issuing an apology since A. Chroscielewski, T. Lachowicz and other PAVA General Board members do, in fact, use the PAVA Constitution for their private agenda."

## **AS AND FOR A FIRST CAUSE OF ACTION**
### **(Defamation *Per Se*)**

22. Plaintiffs adopt and reallege the above-referenced allegations as if fully set forth herein.

23. Defendant's Letters constitute written defamatory statements of and concerning Plaintiffs.

24. Defendant's published the defamatory statements to third parties by emailing the Letters to numerous individuals involved in and/or members and officers of PAVA and District 2 and shareholders in and officers of DOM, and some of whom were not involved in PAVA, District 2 and/or DOM.

25. Defendant purposefully and maliciously published the Letters to third parties knowing the allegations contained in them were false and with the intent to cause Plaintiffs harm.

26. The allegations contained in the Letters concerning Plaintiffs are false and malicious.

27. Defendant acted out of hatred, ill will and spite against Plaintiffs.

28. By, *inter alia*, falsely accusing Plaintiffs of corruption, acting as a "mafia" and mishandling and misappropriating the funds of those organizations for the personal benefit of Chroseieclewski and Lachowicz, the Letters constitute libel *per se*, since they charge Plaintiffs with serious crimes, dishonesty and betrayal and tend to injure Plaintiffs in their business, trade and charitable activities.

29. Defendant's Letters and the defamatory statements contained therein have harmed and continue to harm Plaintiffs' reputation in the eyes of the Polish American community, and/or will deter third persons from associating with Plaintiffs. Furthermore, Defendant's Letters and the defamatory statements contained therein have exposed and continue to expose Plaintiffs to hatred, contempt or ridicule, and/or have subjected and continue to subject Plaintiffs to the loss of good will and confidence in which they are held by others.

30. As a direct and proximate result of Defendant's publication of the Letters by email and in several Polish American publications of general circulation and the false and defamatory statements contained therein, Defendant has damaged Plaintiffs and continues to damage Plaintiffs because of Defendant's illegal conduct. Indeed, as previously stated, PAVA, District 2 and DOM are prominent Polish American organizations in the United States. Defendant's defamatory statements are designed to wrongly and improperly discredit Plaintiffs and will continue to have negative impacts on, *inter alia*, Plaintiffs' ability to maintain current membership, recruit new

219790v9

membership, represent the Polish American community at large and conduct their multimillion dollar charitable activities.

31. Accordingly, Plaintiffs are entitled to recover monetary damages from Defendant in an amount to be determined at trial, but in any event no less than $75,000, together with interest, punitive damages and attorneys' fees and costs.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Permanent Injunction)

32. Plaintiffs adopt and reallege the above-referenced allegations as if fully set forth herein.

33. Without a permanent injunction enjoining Defendant from making further falsely defamatory statements about Plaintiffs and from misrepresenting himself as a member of PAVA despite being expelled in March of 2019, Plaintiffs will continue to be harmed, as set forth above.

34. Accordingly, Plaintiffs are entitled to a permanent injunction against Defendant enjoining Defendant from making any further false defamatory statements about Plaintiffs and from misrepresenting himself as a member of PAVA.

35. Plaintiffs have no remedy at law.

### RESERVATION OF RIGHTS

36. Plaintiffs presently have insufficient knowledge and information on which to form a belief as to whether there exist additional, as yet unstated, claims or facts. Plaintiffs expressly reserves herein the right to amend or supplement this

Complaint to allege additional claims and facts in the event that discovery or further investigation indicates that such claims or facts would be appropriate.

**WHEREFORE,** Plaintiffs demand judgment against Defendant as follows:

(a) On the first cause of action, awarding Plaintiffs damages as against Defendant in an amount to be determined at trial, but in any event no less than $75,000, together with interest, punitive damages and attorneys' fees and costs;

(b) On the second cause of action, awarding Plaintiffs a permanent injunction as against Defendant enjoining Defendant from making any further defamatory statements about Plaintiffs and from holding himself out to be a member of PAVA; and

(c) Granting such other relief as the Court deems just and proper.

Dated: July 29, 2020

                                        **REISMAN PEIREZ REISMAN & CAPOBIANCO LLP**

                                        By:   */s/ David H. Peirez*
                                              David H. Peirez
                                              *Attorneys for Plaintiffs*
                                              1305 Franklin Avenue
                                              PO Box 119
                                              Garden City, New York 11530
                                              fTelephone: (516) 746-7799
                                              Facsimile: (516) 742-4649